# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2022

Lyle W. Cayce
Clerk

No. 21-60149
Summary Calendar

Sarwan Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 431 557

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Sarwan Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60149

Convention Against Torture (CAT). We review his arguments under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Singh challenges the BIA's conclusion that he has not shown eligibility for asylum because he has not established past persecution or a well-founded fear of future persecution. He has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the question whether the harm suffered rose to the level of persecution. *See Eduard v. Ashcroft*, 379 F.3d 182, 187-88 & n.4 (5th Cir. 2004). Moreover, Singh has not shown that the record compels a conclusion that it would be unreasonable for him to relocate within India. *See Munoz-Granados v. Barr*, 958 F.3d 402, 407-08 (5th Cir. 2020). Because our resolution of Singh's petition does not turn on his credibility, we do not reach his challenge to the IJ's and BIA's determination that he failed to provide evidence corroborating his claims of persecution. *See Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021).

In addition, Singh complains that the BIA erred in concluding that he had failed to present a meaningful challenge to the IJ's denials of withholding of removal and CAT relief and that thus those claims were waived. He did not challenge this conclusion through a motion to reconsider or reopen. Accordingly, we lack jurisdiction to consider whether the BIA's dismissal of those claims was error. *See* 8 U.S.C. § 1252(d)(1); *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

Accordingly, Singh's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.